**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monique Turrell, | No. CV-24-02472-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Baraka House LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Alternative Service on Defendants Baraka House, LLC and Victor Okerie ("Defendants"). (Doc. 6). Plaintiff says she has made extensive efforts to serve both Defendants. (*Id.* at 1). Because Plaintiff has shown that traditional means of service are impracticable, Plaintiff's Motion for Alternative Service will be granted.

Federal Rule of Civil Procedure 4(e)(1) allows service to be completed on a defendant by following the state law of the state in which the district court is located. Ariz. R. Civ. P. 4(e)(1). In Arizona, if a plaintiff can show that the means of service provided for in Arizona Rule of Civil Procedure 4.1(c) through 4.1(j) are impracticable, the court, on a motion, or on its own, may authorize that service can be accomplished by other means. Ariz. R. Civ. P. 4.1(k)(1). Impractical has been defined by the Arizona courts as "extremely difficult or inconvenient." *Blair v. Burgener*, 245 P.3d 898, 904 (Ariz. Ct. App. 2010).

Here, the Plaintiff tried to physically serve Defendant Victor Okerie ("Okerie"),

owner of Baraka House, LLC ("Baraka"), at his home on September 27, 2024, September 29, 2024, and October 10, 2024, and October 18, 2024. (Doc. 6 ¶ 3). Two cars were parked outside of the home when service was attempted on all three occasions, and surveillance cameras were visible, showing that the home is inhabited. (*Id.* ¶¶ 2, 3). No one answered the door on these attempts. (*Id.*) On September 27, the process server noted that a shutter that had been open when he knocked was closed when he returned to his vehicle. (*Id.*) On September 29, he said he heard a TV on and sounds from within, but the sounds stopped when he rang the doorbell. (*Id.* ¶ 3). Plaintiff then unsuccessfully attempted to serve Okerie on October 18, 2024, at one of his businesses. (*Id.* ¶ 3). A receptionist told the server Okerie was the owner but "doesn't really come into the office." (*Id.* ¶ 6). A text message was also sent to Okerie's cell on October 1, 2024, requesting that he cooperate with service. (*Id.* ¶ 3). There was no response to this request. (*Id.*)

Plaintiff has adequately shown the Court that traditional means of service are impracticable. Alternative service (by mail) also comports with due process because it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Plaintiff will send a copy of the Summons, Complaint, Preliminary Order, and a Copy of the Order Granting Alternative Service, via regular US Mail, certified mail, and by posting to the door of the addresses given for Defendants. This will reasonably apprise Defendant as to the action against him and his company.

**IT IS HEREBY ORDERED** that the Court allows Plaintiff to serve the Summons, Verified Complaint, Preliminary Order, and this Order on Defendants Baraka House, LLC and Victor Okerie by doing each of the following:

1) via regular US Mail, certified mail, and posting to the door of Victor Okerie's home address at 4143 E. Desert Sky Court, Cave Creek, AZ 85331, and

2) via regular US Mail, certified mail, and posting to the door of Victor Okerie's

business address at 10000 N. 31st Avenue, Suite A107, Phoenix, AZ 85051.

Dated this 4th day of November, 2024.

Honorable Diane J. Humetewa
United States District Judge